UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IRA RAY DEAN HARTFORD, IV,

    Petitioner,

v.

DAVIS,

    Respondent.

Case No. C19-5771-RBL-TLF

ORDER TO SHOW CAUSE OR AMEND PETITION

The District Court has referred this action to United States Magistrate Judge Theresa L. Fricke. On August 19, 2019, petitioner Ira Ray Dean Hartford, IV, a pre-trial detainee housed at Grays Harbor County Jail, filed a federal habeas petition pursuant to 28 U.S.C. § 2254. Dkt. 1-1. Having reviewed the petition it appears plaintiff's petition, brought under 28 U.S.C. § 2254, is premature as he is a pretrial detainee and has not yet been convicted. Moreover, even construing the petition under 28 U.S.C. § 2241 it would appear to be inappropriate for the Court to intervene in this case under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). Therefore, the Court directs petitioner to file a response to this order or an amended pleading by **September 30, 2019**.

**I.    Background**

Petitioner alleges violation of his Due Process rights related to his pending state criminal proceedings. Dkt. 1-1. Petitioner contends between September 2018 and February 2019, Grays Harbor "Municipality" "held [him] invalid without seeing a judge for 121 days after five

ORDER TO SHOW CAUSE OR AMEND PETITION - 1

arraignments two-3.5 hearings, two (2) pretrial hearings, which took 60 days and then jailed [his] being for 121 additional days without seeing a judge. *Id.*, at 4-5. He contends video surveillance shows "he did not act disruptive or defiant." *Id.* Although not raised as a separate ground in his petition, petitioner also mentions ineffective assistance of counsel, double jeopardy, cruel and unusual punishment, and prosecutorial and judicial misconduct, although the factual basis for these claims is unclear. *Id.*, at 4, 7-11. Petitioner appears to seek release from custody as relief. *Id.*

**II. Screening**

Under Rule 4 of the Rules Governing § 2254 cases, the Court is required to perform a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas petitions brought under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 cases ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

**III. Discussion**

A. <u>§ 2254 or § 2241</u>

Petitioner has filed a habeas petition pursuant to 28 U.S.C. § 2254. If relief is sought under § 2254 the Court may consider the merits of a the habeas petition only if petitioner can show that his state judgment and conviction violate his federal constitutional rights and only after he has fully and fairly presented the alleged violations to the Washington State Supreme Court. In essence, a § 2254 federal habeas petition allows a federal court to provide a state prisoner with *post-conviction* collateral relief.  Section 2254 habeas relief is not available here because it

appears petitioner has not yet been convicted, has not yet been sentenced, and has not yet sought review of his conviction or sentence in the state courts. *See Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008) (habeas relief not available where petitioner has not appealed his federal constitutional violations to the highest state court).

Even if petitioner was convicted and sentenced in the few days that have passed since the Court received his habeas petition, the petition would be premature because he has not yet presented any of his federal claims to the state courts via a direct appeal or by filing a state post-conviction petition for collateral relief. *See* 28 U.S.C. § 2254(b) and *Rose v. Lundy*, 455 U.S. 509, 515 (1982) (A federal court may not consider the merits of a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted his available state court remedies).

However, because petitioner proceeds pro se, the Court will also consider and screen his pleadings under 28 U.S.C. § 2241, which permits federal courts to grant relief to a pretrial detainee held "in custody in violation of the Constitution." 28 U.S.C. § 2241(c)(3); *see also McNeely v. Blanas,* 336 F.3d 822, 824 n. 1 (9th Cir. 2003).

B. <u>Exhaustion</u>

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

1    Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the
2    Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless
3    special circumstances warrant federal intervention prior to a state criminal trial. *Carden v.*
4    *Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger v. Harris*, 401 U.S. 37 (1971).
5    Petitioner suggests that he has presented his federal constitutional or statutory claims in the
6    ongoing criminal proceedings against him and that his appeal is still pending in the Washington
7    State Court of Appeals. Dkt. 1-1, at 5. Petitioner has not shown special circumstances that would
8    potentially justify federal intervention in this case. Petitioner refers generally to judicial and
9    prosecutorial misconduct but does not present a factual basis for these claims. Therefore,
10   petitioner must show cause why this case should not be dismissed for failure to exhaust state
11   remedies.

12        C.  *Younger* Abstention

13   Petitioner's case may also be inappropriate in federal court under the *Younger* abstention
14   doctrine. According to *Younger*, abstention from interference with pending state judicial
15   proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the
16   proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the
17   state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to
18   enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo*
19   *v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State*
20   *Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts do not invoke the *Younger*
21   abstention if there is a "showing of bad faith, harassment, or some other extraordinary
22   circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v.*
23   *Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).
24
25

Here, some of petitioner's claims would implicate *Younger*. First, Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings, in fact he appears to indicate that he is in the process of addressing these issues in the state appellate courts. Last, petitioner raises some claims that would effectively enjoin the ongoing state judicial proceeding. For example, petitioner appears to challenge the evidence and the charges against him, lack of due process, and raises double jeopardy and ineffective assistance of counsel claims, which could implicate *Younger*.

Because the *Younger* abstention doctrine potentially applies to several of petitioner's claims, petitioner is required to show cause why this case should not be dismissed under *Younger*. The Court also notes that petitioner refers generally in his petition to claims of judicial and prosecutorial misconduct yet he does not include facts to support these allegations. If petitioner is attempting to show bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate in this case, he must set forth sufficient facts to support these allegations.

### D. Conditions of Confinement

The petition also mentions petitioner was "locked up" in an isolation holding cell. Dkt. 1-1, at 10-11. To the extent petitioner is attempting to challenge the conditions of his confinement in addition to or instead of his physical confinement itself, he must file a civil rights action under 42 U.S.C. § 1983 (a civil rights action under Section 1983 is the way to challenge conditions of

confinement, rather than a habeas corpus petition – which is the way to challenge the fact or duration of his confinement). *See Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

### IV. Instructions to Petitioner and the Clerk

If plaintiff intends to pursue a § 2241 habeas corpus action, he must file a response to this order and file an amended petition on the form provided by the Court. The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended petition will be a complete substitute for the petition (and not a supplement).

If plaintiff fails to adequately address the issues raised herein or does not file an amended pleading on or before **September 30, 2019**, the undersigned will recommend dismissal of this action.

The Clerk is directed to provide petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 and forms for filing a 42 U.S.C. § 1983 civil rights complaint.

Dated this 29th day of August, 2019.

Theresa L. Fricke
United States Magistrate Judge