1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

IRA RAY DEAN HARTFORD IV,

7                                    Petitioner,

8            v.

9    DAVIS,

                                     Respondent.

10

Case No. C19-5771-RBL-TLF

REPORT AND
RECOMMENDATION

Noted for <u>January 10, 2020</u>

11            The District Court has referred this action to United States Magistrate Judge Theresa L.

12    Fricke. On August 19, 2019, petitioner Ira Ray Dean Hartford, IV, a pre-trial detainee housed at

13    Grays Harbor County Jail, filed a federal habeas petition pursuant to 28 U.S.C. § 2254. Dkt. 1-1.

14    By order dated August 29, 2019, this Court advised petitioner that it appeared his petition,

15    brought under 28 U.S.C. § 2254, was premature as he is a pretrial detainee and has not yet been

16    convicted. Moreover, even construing the petition under 28 U.S.C. § 2241, the Court informed

17    petitioner it appeared it would be inappropriate for the Court to intervene in the case under the

18    *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). The Court directed

19    petitioner to show cause why his petition should not be dismissed and, if he intended to proceed

20    with his habeas petition as a pretrial detainee, file an amended §2241 petition on the form

21    provided by the Court by September 30, 2019.

22            The Court's order to show cause was subsequently returned as undeliverable to the

23    petitioner at Grays Harbor County Jail. The Court issued an order informing petitioner that he

24
25

REPORT AND RECOMMENDATION - 1

must update his address with the Court or his case would be subject to dismissal. On October 23, 2019, petitioner filed a Notice of Change of Address stating that he is "still locked up though I am at a different address." Petitioner also filed a two-page response to the Court's Order to Show Cause in which he states he is still locked up "with no pretrial release" and largely re-iterates the assertions of his original petition.

For the reasons set forth below, the Court recommends the petition be dismissed without prejudice for lack of jurisdiction and for failure to comply with a Court order.

## I.    Background

In his petition, brought pursuant to 28 U.S.C. § 2254, petitioner alleges violation of his Due Process rights related to his pending state criminal proceedings. Dkt. 5. Specifically, petitioner contended between September 2018 and February 2019, Grays Harbor "Municipality" "held [him] invalid without seeing a judge for 121 days after five arraignments two-3.5 hearings, two (2) pretrial hearings, which took 60 days and then jailed [his] being for 121 additional days without seeing a judge. *Id.*, at 4-5. He contends video surveillance shows "he did not act disruptive or defiant." *Id.* Although not raised as a separate ground in his petition, petitioner also mentions ineffective assistance of counsel, double jeopardy, cruel and unusual punishment, and prosecutorial and judicial misconduct, although the factual basis for these assertions is unclear. *Id.*, at 4, 7-11. Petitioner seeks release from custody. *Id.*

## II.    Screening

Under Rule 4 of the Rules Governing § 2254 cases, the Court is required to perform a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also applies to

1  habeas petitions brought under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 cases

2  ("The district court may apply any and all of these rules to a habeas corpus petition not covered"

3  by 28 U.S.C. § 2254.).

4      **III.    Discussion**

5          **A.    <u>28 U.S.C. § 2254 Relief</u>**

6          Petitioner was informed that where relief is sought under § 2254 the Court may consider

7  the merits of a habeas petition only if petitioner can show that his state judgment and conviction

8  violate his federal constitutional rights and only after he has fully and fairly presented the alleged

9  violations to the Washington State Supreme Court. In essence, a § 2254 federal habeas petition

10 allows a federal court to provide a state prisoner with ***post-conviction*** collateral relief.  Petitioner

11 was informed that section 2254 habeas relief was not available here because it appeared

12 petitioner had not yet been convicted, had not yet been sentenced, and had not yet sought review

13 of his conviction or sentence in the state courts. *See Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir.

14 2008) (habeas relief not available where petitioner has not appealed his federal constitutional

15 violations to the highest state court).

16         Petitioner was informed that in order to pursue habeas relief as a pretrial detainee he must

17 file a petition under 28 U.S.C. § 2241, which permits federal courts to grant relief to a pretrial

18 detainee held "in custody in violation of the Constitution."  28 U.S.C. § 2241(c)(3); *see also*

19 *McNeely v. Blanas,* 336 F.3d 822, 824 n. 1 (9th Cir. 2003). The Court provided petitioner with a

20 §2241 habeas petition form but petitioner has failed to file an amended petition under § 2241.

21 Accordingly, the Court recommends that the petition, filed under § 2254, be dismissed without

22 prejudice for lack of jurisdiction and based on petitioner's failure to comply with a Court order.

23

24

25

**B. Conditions of Confinement**

The Court notes that petitioner's petition also mentions being "locked up" in an isolation holding cell. Dkt. 1-1, at 10-11. Petitioner was informed that to the extent he was attempting to challenge the conditions of his confinement in addition to or instead of his physical confinement itself, he must file a civil rights action under 42 U.S.C. § 1983 (a civil rights action under Section 1983 is the way to challenge conditions of confinement, rather than a habeas corpus petition – which is the way to challenge the fact or duration of his confinement). *See Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991). To the extent the petitioner intends to challenge conditions of his confinement, that claim should also be dismissed without prejudice.

<u>CERTIFICATE OF APPEALABILITY</u>

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.

<u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the 28 U.S.C. § 2254 petition for writ of *habeas corpus* without prejudice for lack of jurisdiction and based on petitioner's failure to comply with a Court order. To the extent the petition also seeks to challenge petitioner's conditions of confinement, such claims should also be dismissed

without prejudice and with leave to re-file under 42 U.S.C. § 1983. The undersigned further recommends that a certificate of appealability be denied.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

Accommodating the above time limit, the Clerk shall set this matter for consideration on **January 10, 2020**, as noted in the caption.

Dated this 20th day of December, 2019.


*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5