UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IRA RAY DEAN HARTFORD, IV,<br><br>　　　　　　　　Petitioner,<br>　　v.<br><br>DAVIS,<br><br>　　　　　　　　Respondent. | Case No. C19-5771 LK<br><br>REPORT AND RECOMMENDATION<br><br>NOTING DATE- MARCH 25, 2022 |

Before the Court is pro se Petitioner Ira Ray Dean Hartford, IV's "Motion to Proceed Upon this Note Claim." Dkt. 19, 20. Petitioner appears to be requesting that the Court reopen the matter and "correct" the order dismissing his 28 U.S.C. § 2254 habeas corpus petition. *Id.* This motion has been referred from the Hon. Lauren King to United States Magistrate Judge Theresa L. Fricke. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a).

On January 15, 2020, this Court dismissed Petitioner's habeas corpus petition without prejudice for lack of jurisdiction and based on Petitioner's failure to comply with a Court order. Dkt. 13, 14. Petitioner was instructed to re-file his claims under 42 U.S.C. § 1983 to the extent he challenged conditions of confinement. *Id.* Further, Petitioner was denied issuance of a Certificate of Appealability. *Id.*

A Judgment was entered on January 23, 2020. Dkt. 14. The case before the Court is not a new habeas corpus petition, nor is it a complaint under 42 U.S.C. § 1983;

REPORT AND RECOMMENDATION - 1

instead, it is apparently a motion to reopen the order and judgment entered by Judge Ronald B. Leighton on the previous habeas corpus petition.

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment must be made within a reasonable time. Petitioner seems to be arguing that the judgment was erroneous but he does not identify any ground for relief under any particular sub-section of Fed. R. Civ. P. 60(b).

The District Court has discretion to consider and decide a motion for relief from judgment if extraordinary circumstances exist and the motion is brought within a reasonable time. *U.S. v. Sparks,* 685 F.2d 1128, 1130-1131 (9th Cir. 1982). A motion for relief from judgment on the basis of mistake must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Petitioner filed his "Motion to Proceed Upon This Note Claim" on November 1, 2021, more than one year after judgment was entered. In addition, petitioner fails to identify the specific mistake or other ground for relief under Fed. R. Civ. P. 60(b).

Petitioner is offering a general plea for relief, which is not allowed. *See, O'Neal v. Reilly,* 961 F.3d 973, 974-75 (7th Cir. 2020) (even under residual section of Fed. R. Civ. P. 60(b)(6), petitioner's motion for relief from judgment was untimely because he did not establish either extraordinary circumstances or that he filed it within a reasonable time); *United States v. Deutsch,* 981 F.2d 299, 302 (7th Cir. 1992) (untimely motion under Fed. R. Civ. P. 60(b) would not be considered, because it was a general request for relief -- not specific, and the Court lacked jurisdiction to hear the untimely motion). Even if the Court construes petitioner's motion liberally, as if he had relied on the residual clause of Fed. R. Civ. P. 60(b)(6) as the basis for his motion to re-open the case, he fails to

REPORT AND RECOMMENDATION - 2

present any argument about extraordinary circumstances or any facts for the Court to evaluate the reasonableness, or unreasonableness, of the delay. *See generally, Phelps v. Alameida,* 569 F.3d 1120, 1129-1135 (9th Cir. 2009) (describing factors the Court should consider in evaluating a Fed. R. Civ. P. 60(b)(6) motion for relief from judgment based on a change in the law, in the context of a 28 U.S.C. § 2254 federal habeas corpus case).

Because this is a closed case, and the petitioner has made only a general request for relief, and the motion is untimely; therefore, the Court lacks jurisdiction to hear the motion. *United States v. Deutsch,* 981 F.2d at 302. Respondent therefore has no obligation to appear or respond to this motion.

Petitioner's motion should be DENIED, and this case should remain closed. Petitioner has **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **March 25, 2022**, as noted in the caption.

Dated this 8th day of March, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3