1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IRA RAY DEAN HARTFORD, IV,<br><br>                    Petitioner,<br><br>          v.<br><br>DAVIS,<br><br>                    Respondent. | CASE NO. C19-5771-LK<br><br>ORDER ADOPTING REPORT AND<br>RECOMMENDATION |

14

## I.    INTRODUCTION

15

16

17

18

19

20

21

This matter comes before the Court on the Report and Recommendation of United States

Magistrate Judge Theresa L. Fricke, Dkt. No. 22, and the objections thereto filed by Petitioner Ira

Ray Dean Hartford, IV, Dkt. No. 23. The Court also considers the other documents Mr. Hartford

has filed since the Court entered judgment in this closed case in 2020. Dkt. Nos. 15-20, 24.

Defendant, who is identified only as "Davis" or "Chief Davis," has not been served or appeared.

Having reviewed the Report and Recommendation, Mr. Hartford's objections, and the balance of

the record, the Court ADOPTS the Report and Recommendation as set forth below.

22

## II.    DISCUSSION

23

24

Mr. Hartford is proceeding *pro se* and *in forma pauperis* in this action for a writ of habeas

corpus. Dkt. Nos. 4, 5. The background facts and procedural history are set forth in the Report and

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

Recommendation and are adopted here. Dkt. No. 22. The Court determines *de novo* the parts of the R&R to which Mr. Hartford has objected. Fed. R. Civ. P. 72(b)(3).

The R&R construed Mr. Hartford's post-judgment "Motion to Proceed Upon This Note Claim," Dkt. Nos. 19–20, as a motion to vacate the judgment under Federal Rule of Civil Procedure 60, Dkt. No. 22 at 1, and this Court does the same. Rule 60, governing "Relief from a Judgment or Order," provides that courts can vacate a judgment for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Mr. Hartford's motion seeks an order that "[c]orrects' the Denial error," and refers to "RBL's ruling." Dkt. No. 19 at 2. Judge Ronald B. Leighton dismissed Mr. Hartford's claims without prejudice in January 2020. Dkt. No. 13. Because it appears that Mr. Hartford seeks relief from Judge Leighton's judgment dismissing his case, it is appropriate to construe his motion as one to vacate the judgment under Rule 60. However, Mr. Hartford has not identified any specific provision of Rule 60(b) under which he seeks to vacate the judgment or otherwise shown any reason justifying such relief.

As the Report and Recommendation explained, a party seeking relief from a judgment under Rule 60(b) must make the motion "within a reasonable time." Fed. R. Civ. P. 60(c)(1); Dkt. No. 22 at 2. Otherwise, the motion is not properly before the Court and the Court lacks jurisdiction to grant it. *See, e.g.*, *AAA Nev. Ins. Co. v. Buenaventura*, 644 Fed. App'x 775, 777 (9th Cir. 2016). Mr. Hartford filed his motion on November 1, 2021, almost two years after the Court entered judgment in January 2020. Dkt. Nos. 14, 19. Mr. Hartford provides no reason for the delay, and he does not object to the Report and Recommendation's findings that he did not timely file this motion and the Court lacks jurisdiction over it. Dkt. No. 22 at 2–3. Therefore, the Court denies the motion as untimely.

Even if the Court had jurisdiction over the motion and it was timely filed, neither Mr. Hartford's motion nor his objections identify any "'extraordinary circumstances'" to justify

reopening the judgment. Dkt. No. 19; *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "Such circumstances 'rarely occur in the habeas context.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 535).

Nor do the objections to the Report and Recommendation object to any specific part of the Report and Recommendation. Instead, the objections vaguely allege "wrongful treatment via the Magistrate[s] of U.S. Western District at Tacoma-WA," and that such judges "must adhere to the ruling of a lower court, which confirmed [Mr. Hartford] . . . To be a[n] Indigent Status," but do not elaborate. Dkt. No. 23 at 1 (some brackets in original). The Court granted Mr. Hartford's motion at the start of this litigation to proceed *in forma pauperis* (without paying Court fees). Dkt. No. 4. Mr. Hartford's objections may be referencing the denial of *in forma pauperis* status in another case he filed in this district, *Hartford v. Grays Harbor County Officials et al.*, No. C19-5757-BHS (W.D. Wash.). Mr. Hartford's case was dismissed in March 2020 because Mr. Hartford did not state a plausible claim for relief. *Id.*, Dkt. Nos. 14, 15. Mr. Hartford's apparent disagreement with that Court's decision does not state a claim in this case or provide a basis to vacate the judgment.

Mr. Hartford's objections also include pages that he previously filed with the Court, *compare* Dkt. No. 23 at 4–8 *with* Dkt. No. 16 at 2–5, but those pages provide no basis to vacate the judgment. In the absence of a timely motion or extraordinary circumstances, Mr. Hartford is not entitled to relief from the judgment.

### III.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) the Court ADOPTS the Report and Recommendation;

(2) Petitioner's "Motion to Proceed Upon this Note Claim" (Dkt. Nos. 19, 20) is DENIED; and

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

1

(3) Petitioner's case remains closed.

2

The Clerk is directed to send uncertified copies of this Order to all counsel of record and

3

to any party appearing pro se at said party's last known address.

4

Dated this 10th day of June, 2022.

5

6

Lauren King
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 4